1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ROBERT MORRIS,                              CV F   05-1446 AWI SMS HC

10                    Petitioner,             FINDINGS AND RECOMMENDATIONS
                                              REGARDING PETITION FOR WRIT OF
11        v.                                  HABEAS CORPUS

12                                            [Doc. 1]
   T. CAREY,
13
                      Respondent.
14  _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18        Petitioner filed the instant petition for writ of habeas corpus on November 2, 2005, in the

19  United States District Court for the Eastern District of California, Sacramento Division.  By

20  order of November 16, 2005, the case was transferred to the Fresno Division.

21                                  DISCUSSION

22        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

24  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

25  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

26  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

27  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

28  2254(a).

In the instant petition, Petitioner contends that the restitution fine imposed by the state court violated the Ex Post Facto Clause.  Specifically, Petitioner contends that the 1992 amendment to California Government Code section 13967, subdivision (a), added an "ability to pay" language, which Petitioner did not have the benefit of at the time he was sentenced on August 28, 1985.  Petitioner asserts that "he just recently became aware of the rule change regarding the restitution fine."  (Petition, at 5.)

First, as Petitioner acknowledges, Petitioner's claim is not timely.  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 2, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1    In most cases, the limitation period begins running on the date that the petitioner's direct

2   review became final.  The AEDPA, however, is silent on how the one year limitation period

3   affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth

4   Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed

5   a habeas corpus petition within one year of the AEDPA's enactment, the Court should not

6   dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler),

7   128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States

8   Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such

9   circumstances, the limitations period would begin to run on April 25, 1996.  See, Patterson v.

10  Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

11    Here, Petitioner was convicted in February 1985; therefore, the initial statute of

12  limitations would begin to run on April 25, 1996 - the date AEDPA was enacted, and expire one

13  year later on April 25, 1997.  Even assuming that Petitioner's claim, if proper, did not arise until

14  the 1992 amendment took effect on September 14, 1992, Petitioner waited over thirteen years to

15  file the instant petition.  Petitioner offers no explanation, and the Court can conceive of none, as

16  to why he waited so long.  Although Petitioner contends that his claim is based on the California

17  Court of Appeals decision in People v. Saelee, 35 Cal.App.4th 27 (1995), which was issued July

18  19, 1995, Petitioner still waited over ten years after that decision was issued to file the instant

19  petition.  Petitioner's claim, even if cognizable, is simply barred by the statute of limitations.

20    Even assuming that Petitioner's claim was timely raised in this Court, it is without merit.

21  As the Court of Appeal stated in Saelee, the 1992 amendment which added the "ability to pay"

22  language "is an ameliorative change which, instead of making more burdensome the

23  'punishment' of the restitution fine, benefits the defendant."  People v. Saelee, 35 Cal.App.4th at

24  31. The fact that Petitioner did not get the benefit of the amendment which was effective seven

25  years after he was convicted and sentenced, simply does not raise an Ex Post Facto violation.[1]

26

27    [1] The ex post facto clause prohibits a state from enacting a law that imposes additional punishment for a
     crime than the punishment was when the defendant committed the crime.  Weaver v. Graham, 450 U.S. 24, 28, 101
28   S.Ct. 960, 964 (1981).  A law violates the ex post facto clause under three circumstances: (1) when it punishes a act
     which was not a crime when it was committed; (2)  when it makes a crime's punishment greater than when the crime

1   Nor does Petitioner's claim raise any other constitutional violation.  Accordingly, the instant

2   petition must be dismissed for failure to state a cognizable claim pursuant to § 2254.

3                                          RECOMMENDATION

4           Based on the foregoing, it is HEREBY RECOMMENDED that:

5           1.   The petition for writ of habeas corpus be DISMISSED; and

6           2.   The Clerk of Court enter judgment, thus, terminating this action.

7           These Findings and Recommendations are submitted to the assigned United States

8   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

9   304 of the Local Rules of Practice for the United States District Court, Eastern District of

10  California.  Within thirty (30) days after being served with a copy, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

13  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

14  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

15  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

17  F.2d 1153 (9th Cir. 1991).

18  IT IS SO ORDERED.

19  **Dated:    January 13, 2006**                          **/s/ Sandra M. Snyder**
    icido3                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27  _____

    was committed; or (3)  when it deprives a person of a defense available at the time the crime was committed.  <u>Collins</u>

28  <u>v. Youngblood</u>, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990).

                                                  4